UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdul-Aziz Rashid Muhammad, *aka William Anthony Brown*,

Petitioner,

v.

David Paul, *Warden Federal Medical Center (FMC Rochester)*,

Respondent.

Case No. 19-cv-966 (DSD/TNL)

REPORT & RECOMMENDATION

## I. INTRODUCTION

This matter comes before the Court on Petitioner Abdul-Aziz Rashid Muhammad's "Petition Pursuant to 28 U.S.C. § 2241(c)(3) Relief" ("Petition") (ECF No. 1), and "Application to Proceed in District Court Without Prepaying Fees or Costs" ("IFP Application") (ECF No. 2). For the reasons discussed below, the Court lacks jurisdiction over the Petition, and therefore recommends this action be dismissed without prejudice. The Court further recommends that the IFP Application be denied as moot as Petitioner previously paid the $5.00 filing fee for this matter.

## II. BACKGROUND

In 1990, Muhammed was convicted in the United States District Court for the Eastern District of Kentucky of four counts in connection with a 1989 bank robbery: (1) one count of conspiring to commit armed bank robbery and use firearms while

committing a felony[1]; (2) one count of aiding and abetting armed bank robbery[2]; (3) one count of using a firearm to commit a felony[3]; and (4) one count of being a felon in possession of a firearm[4]. *In re Muhammad*, No. 17-5823, 2018 U.S. App. LEXIS 7516, at *1 (6th Cir. Mar. 23, 2018) (order); *United States v. Muhammad*, 948 F.2d 1449, 1452 (6th Cir. 1991).

"Muhammad was sentenced to 327 months imprisonment plus a consecutive 20-year mandatory sentence . . . ," among other things. *Muhammad*, 948 F.2d at 1452. "The mandatory consecutive sentence was imposed as a result of [Muhammad's] conviction under 18 U.S.C. § 924(c), which mandates such a sentence for those convicted of a second or subsequent violation under that section." *Muhammad v. Purdue*, No. 5:12CV129, 2013 WL 4508870, at *1 (N.D. W. Va. Aug. 23, 2013), *aff'd*, 551 F. App'x 75 (4th Cir. 2014) (per curiam); *see also, e.g.*, *In re Brown*, Nos. 13-5654/5655, 2013 U.S. App. LEXIS 26544, at *2 (6th Cir. Dec. 23, 2013) (order) ("Brown was sentenced to 327 months of imprisonment plus a consecutive twenty-year mandatory sentence due to his second § 924(c) offense.").

### III. PETITION

#### A. 1974 Conviction Under § 924(c)

Previously, Muhammad was convicted of bank robbery in 1974. *In re Brown*, 2013 U.S. App. LEXIS 26544, at *1; *Muhammad*, 2013 WL 4508870, at *1. "Although he was

---

[1] 18 U.S.C. § 371.
[2] 18 U.S.C. §§ 2(a) & (b), 2113(a) & (d).
[3] 18 U.S.C. §§ 2(a) & (b), 924(c).
[4] 18 U.S.C. §§ 2(a) & (b), 922(g)(1).

2

only seventeen years old at the time of the offense, he was tried and convicted as an adult and sentenced to twenty years of imprisonment plus one year for use of a firearm under 18 U.S.C. § 924(c)." *In re Brown*, 2013 U.S. App. LEXIS 26544, at *1.

Five years later, in 1979, Muhammad's § 924(c) conviction and one-year sentence were vacated pursuant to *Simpson v. United States*, 435 U.S. 6 (1978), "which held that 'in a prosecution growing out a of a single transaction of bank robbery with firearms, a defendant may not be sentenced' under both § 2113(d) and 924(c)." *Muhammad*, 2013 WL 4508870, at *1, 3 (quoting *Simpson*, 435 U.S. at 16).

### B. Postconviction Proceedings

In 1991, the Sixth Circuit Court of Appeals affirmed Muhammed's conviction and sentence for the 1989 robbery. *See generally Muhammad*, 948 F.2d 1449. Muhammad has been challenging his sentence for the 1989 robbery since at least 1997. In 1997, Muhammad filed his first motion under 28 U.S.C. § 2255 to vacate his sentence, and he has unsuccessfully sought authorization from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion on several occasions. *See Muhammad*, 2013 WL 4508870, at *6 (outlining litigation history); *see, e.g.*, *In re Muhammad*, 2018 U.S. App. LEXIS 7516; *In re Brown*, 2013 U.S. App. LEXIS 26544; *In re Brown*, Nos. 12-5117/5119, 2012 U.S. App. LEXIS 27430 (6th Cir. Nov. 13, 2012) (order); *In re Muhammad*, No. 11-5490, 2011 U.S. App. LEXIS 26719 (6th Cir. Sept. 8, 2011) (order). Muhammad has also attempted to challenge his sentence through a writ of *coram nobis*, a writ of *audita querela*, and writs of habeas corpus pursuant to 28 U.S.C. § 2241. *See Muhammad*, 2013 WL 4508870, at *6; *see also Muhammad v. Wilson*, Civil Action No. 3:14CV387-HEH, 2014

3

WL 4072250 (E.D. Va. Aug. 13, 2014), *aff'd*, 715 F. App'x 251 (4th Cir. 2017) (per curiam); *Muhammad v. Oliver*, No. 3:14CV72-HEH, 2014 WL 1050621 (E.D. Va. Mar. 14, 2014).

In 2011, Muhammad "filed a motion in the Eastern District of Kentucky to vacate his 1990 conviction pursuant to 28 U.S.C. § 1651, seeking a writ of *audita querela*." *Muhammad*, 2013 WL 4508870, at *6 (footnote omitted); *see generally United States v. Brown*, Criminal Action No. 74-00040 WOB-REW, Civil Action No. 11-07169 WOB-REW, Criminal Action No. 89-00050, 2012 U.S. Dist. LEXIS 190028 (E.D. Ky. Feb. 2, 2012). Muhammad claimed that the enhanced § 924(c) sentence he received in 1990 was improperly based on his § 924(c) conviction from 1974, "which he alleged he discovered for the first time on August 2, 2011, had been vacated in 1979 pursuant to *Simpson*." *Muhammad*, 2013 WL 4508870, at *6; *see Brown*, 2012 U.S. Dist. LEXIS 190028, at *3-4. Muhammad's § 1651 motion was transferred "to the Sixth Circuit as an unauthorized, second or successive § 2255 motion." *Muhammad*, 2013 WL 4508870, at *6; *see Brown*, 2012 U.S. Dist. LEXIS 190028, at *21.

The Sixth Circuit denied authorization to file a second or successive § 2255 motion. *See generally In re Brown*, 2013 U.S. App. LEXIS 26544. In doing so, the Sixth Circuit observed that Muhammad

> ha[d] not demonstrated that this claim is based on newly discovered evidence. The order vacating his 1974 conviction was issued in 1979, the presentence investigation was conducted in 1990, and [Muhammad] did not file his first § 2255 motion challenging his 1990 conviction until 1997. The 1979 order was issued in response to [Muhammad's] own . . . [Rule] 35 motion.

4

*Id.* at *3.

### C. Remedy Under § 2255 Not Inadequate or Ineffective

In the present Petition, Muhammad again asserts that the sentence he received in 1990 was illegal, namely, the 20-year sentence he received under the then-operative version of § 924(c) was erroneously based on the § 924(c) conviction in 1974 that had been vacated, and he should have received a 5-year sentence instead. [5]

Muhammad's argument is a collateral challenge to his 1990 sentence, and "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *see also Malone v. Warden FCI Sandstone*, No. 19-cv-0282 (SRN/BRT), 2019 WL 1466047, at *2 (D. Minn. Apr. 3, 2019). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner shows that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

---

[5] Under the then-operative version of § 924(c), "[i]n the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years." 18 U.S.C. § 924(c)(1) (1988). First-time § 924(c) offenses, in contrast, were generally punishable for five years. *See id.*

that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *Hill*, 349 F.3d at 1091. The inadequate-or-ineffective-remedy exception is often referred to as the "savings clause." *See, e.g.*, *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the savings clause's exact contours. It is clear, however, that the clause applies very narrowly. For example, "[i]t is well established that 'in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.'" *Id.* (quoting *Hill*, 349 F.3d at 1091) (internal quotation marks omitted). Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present [his] claims." *Abdullah*, 392 F.3d at 963; *see United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Here, Muhammad cannot show that he had no earlier procedural opportunity to raise the argument that his 1990 sentence was erroneously based on the vacated § 924(c) conviction. As the Sixth Circuit observed when Muhammad first raised this issue: "The order vacating his 1974 conviction was issued in 1979, the presentence investigation was conducted in 1990, and [Muhammad] did not file his first § 2255 motion challenging his

6

1990 conviction until 1997. The 1979 order was issued in response to [Muhammad's] own . . . [Rule] 35 motion." *In re Brown*, 2013 U.S. App. LEXIS 26544, at *3; *see also In re Muhammad*, 2018 U.S. App. LEXIS 7516, at *3-4 ("The vacation order is from 1979, and it was issued in response to Muhammad's own motion under Rule 35 of the Federal Rules of Criminal Procedure."). "A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092; *accord Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Muhammad "bears the burden of showing that the [§ 2255] remedy is inadequate or ineffective." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah*, 392 F.3d at 959). Because Muhammad has not shown that § 2255 is inadequate or ineffective, the savings clause of § 2255(e) does not apply here. Accordingly, § 2255(e)'s exclusive-remedy provision bars the Petition, and this action must be summarily dismissed for lack of jurisdiction. *See, e.g.*, *Abdullah*, 392 F.3d at 964 ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.").[6]

---

[6] It bears mentioning that the sentencing court has itself explained:

> This Court's sentence in the 1989 matter also included a twenty-year mandatory consecutive term of imprisonment due to two § 924(c) violations. The Sixth Circuit observed the mandatory sentence was because Defendant "had previously been convicted of using a firearm during the commission of an armed bank robbery." *In re: Abdul-Aziz Muhammad,* No. 11-5490, 2011 U.S. App. LEXIS 26719 (6th Cir. Sept. 8, 2011). Although the Sixth Circuit did not refer to the 1974 conviction in this observation, Defendant construes his twenty-year sentence to have been the result of the § 924(c) conviction that Judge Hermansdorfer vacated under *Simpson*. A presentence report may also have contributed to that interpretation.

7

[Continued on next page.]

---

> Though the 1975 [sic] *Simpson*-vacated conviction could not have been counted toward the two convictions for § 924(c) purposes, it has long been "firmly established that the imposition of separate consecutive sentences for multiple § 924(c) violations occurring during the same criminal episode are lawful." *United States v. Burnette,* 170 F.3d 567, 572 (6th Cir. 1998). As the indictment and sentencing hearing in the 1989 matter plainly reflect, the twenty-year mandatory sentence had no relationship to the 1974 conviction. Instead, it was based on two of the 1989 convictions which the 1989 indictment charged as having been committed with a firearm in violation of § 924(c). The 924(c) violation in connection with the conspiracy count under § 371 counted as the "first" conviction, and the 924(c) violation in connection with the felon with a firearm count under § 922 counted as the second.

*In re Brown*, 2012 U.S. Dist. LEXIS 190028, at *6-7 (footnotes and record citation omitted). Thus, "[t]he sentencing court, which clearly has access to much more internal information regarding this matter has already determined that the petitioner's twenty-year consecutive sentence is wholly unrelated to his 1974 vacated conviction." *Muhammad*, 2013 WL 4508870, at *10; *see also Muhammad*, 2014 WL 1050621, at *2 n.5 (claim that Muhammad was improperly sentenced based on vacated § 924(c) conviction "lack[ed] factual merit" as explained by sentencing court).

## IV. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the Petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and the IFP Application (ECF No. 2) be **DENIED AS MOOT**.


Date: June __28__, 2019                         _____*s/ Tony N. Leung*_____
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota


                                                *Muhammad v. Paul*
                                                Case No. 19-cv-966 (DSD/TNL)


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).